Filed 8/30/16  P. v. Rodriguez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>RUBEN RODRIGUEZ,<br><br>    Defendant and Appellant. | C081109<br><br>(Super. Ct. No. 13F00930) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In February 2013, defendant Ruben Rodriguez entered a bank wearing a mask and a long coat.  He was carrying an umbrella and a gun, which was later determined to be a BB gun.  He approached a bank employee and pointed the BB gun at her, forcing her to

1

the vault area of the bank. While in the vault area, defendant told two other bank employees to put money from the vault inside a bag.

As defendant was leaving the bank, the police arrived. A police chase ensued.[1] Defendant drove in excess of the speed limit and ran a stop sign. Eventually, his vehicle collided with another vehicle and he was taken into custody. Items related to the robbery were found inside defendant's truck, including the mask, BB gun, umbrella, and money from the bank.

In February 2013, a felony complaint was filed, charging defendant with one count of robbery. (Pen. Code, § 211.)[2] It was also alleged that defendant had two prior serious and violent felony convictions (strikes), and therefore was eligible for a three strikes sentence within the meaning of sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2). In April 2013, defense counsel expressed doubt as to defendant's competency pursuant to section 1368, and criminal proceedings were suspended pending an evaluation of defendant. Following the submission of a competency/psychiatric evaluation report, defendant was found competent to stand trial and criminal proceedings were reinstated.

In August 2013, an information was filed, adding two additional counts of robbery. (§ 211.) Defendant entered not guilty pleas to the three robbery counts and denied the prior strike allegations.

In April 2015, defendant changed his pleas to not guilty by reason of insanity (NGRI), and two doctors were appointed to evaluate him. Following the submission of the doctors' reports, defendant withdrew his NGRI pleas.

---

[1] The police were driving marked patrol vehicles, wearing full police uniforms, and had their sirens on with red and blue lights flashing.

[2] Undesignated statutory references are to the Penal Code.

In October 2015, an amended information was filed, adding one count of driving in willful or wanton disregard for safety of persons or property while fleeing from a pursuing police officer.  (Veh. Code, § 2800.2, subd. (a).)  The amended information also added allegations that defendant used a deadly weapon in the commission of the robbery offenses.  (§ 12022, subd. (b)(1).)

Pursuant to a negotiated disposition, defendant pleaded no contest to all four counts alleged in the amended information, admitted the strike priors and the deadly weapon allegation as to one of the robbery counts, and agreed to waive all actual and conduct custody credits earned through October 25, 2015.  The parties' agreement provided that defendant would be sentenced to 26 years 4 months in state prison.

In November 2015, the trial court sentenced defendant to 26 years 4 months in state prison.[3]  The trial court also ordered defendant to pay various fines and fees.

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed.  To date, defendant has not filed a supplemental brief.  Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.  Consequently, we affirm the judgment.  (*Id.* at p. 443.)

---

[3] Prior to sentencing, defendant stated that he would like to "retract" his guilty pleas and "enter a *Marsden* Motion."  (*People v. Marsden* (1970) 2 Cal.3d. 118.)  Following proceedings outside the presence of the prosecutor, the trial court denied the *Marsden* motion.  Defense counsel then informed the trial court that defendant would not be making a motion to withdraw his guilty pleas.

# DISPOSITION

The judgment is affirmed.

_____/s/_____

Blease, Acting P. J.

We concur:

_____/s/_____

Hull, J.

_____/s/_____

Hoch, J.